Martin J. Feinberg
Safia A. Anand
OLSHAN FROME WOLOSKY LLP
65 East 55th Street
New York, New York 10022
(212) 451-2300
mfeinberg@olshanlaw.com
sanand@olshanlaw.com
*Attorneys for Plaintiffs*

and

Michael W.O. Holihan (pending *pro hac* admission)
Anjali Sareen (pending *pro hac* admission)
Holihan Law
1101 North Lake Destiny Road, Suite 275
Maitland, Florida 32751
(407) 660-8575
Michael.holihan@holihanlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DISNEY ENTERPRISES, INC.,<br>MARVEL CHARACTERS, INC.,<br>LUCASFILM LTD. LLC, and<br>LUCASFILM ENTERTAINMENT<br>COMPANY LTD. LLC,<br><br>                    Plaintiffs,<br><br>          -against-<br><br>AVI LIEBERMAN d/b/a<br>Characters for Hire, LLC a/k/a<br>www.charactersforhire.com<br>and NICK SARELLI d/b/a<br>Characters for Hire, LLC a/k/a<br>www.charactersforhire.com,<br><br>                    Defendants. | CIVIL ACTION NO.:<br><br>COMPLAINT |

Plaintiffs, Disney Enterprises, Inc., Marvel Characters, Inc., Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC, by their undersigned attorneys, allege on knowledge as to their own acts and otherwise on information and belief as follows:

## INTRODUCTION

1.     Plaintiffs file this action to combat the intentional and willful infringement of their copyrighted works and registered trademarks by Defendants Avi Lieberman d/b/a Characters for Hire, LLC a/k/a www.charactersforhire.com and Nick Sarelli d/b/a Characters for Hire, LLC a/k/a www.charactersforhire.com. Defendants Avi Lieberman and Nick Sarelli are the owners, operators, and managers of a retail business that markets, advertises, rents, offers for rent, sells, offers for sale, and/or distributes themed character entertainment party services that incorporate Plaintiffs' copyrighted works and registered trademarks without authorization of the Plaintiffs.

2.     Plaintiffs seek to halt Defendants infringement of Plaintiffs' intellectual property rights and seek a permanent injunction, damages, costs, and attorneys' fees, as authorized by the Copyright Act and the Lanham Act.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338, as Plaintiffs' claims arise under The Copyright Act, 17 U.S.C. §101 et. seq. and The Lanham Trademark Act, as amended, 15 U.S.C. §1051 et. seq.

4.     Venue is proper within the Southern District of New York pursuant to 28 U.S.C. §§1391(b) and 1400(a).

3636900-1

## THE PARTIES
### Plaintiffs

5.      Plaintiff Disney Enterprises, Inc., (hereinafter "DEI") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

   A.      A significant aspect of DEI's business is the merchandising and licensing of distinctive characters and elements associated with its animated motion pictures and television programs including, but not limited to, the world-famous fanciful characters Mickey Mouse, Minnie Mouse, Olaf, Elsa, Anna, Snow White, Ariel, Jasmine, Aladdin, Cinderella, Belle, Aurora, Mulan, Pocahontas, Rapunzel, and Tiana, as well as from DEI's other motion pictures and feature movies (hereinafter collectively referred to as the "DEI Characters").

   B.      Each of the DEI Characters is covered by one or more copyright registrations with the U. S. Copyright Office (hereinafter collectively referred to as the "DEI Copyrighted Properties"). A representative collection of registrations concerning the DEI Copyrighted Properties is indexed as Exhibit A.

   C.      DEI owns all rights, title and interest in and to, and holds the exclusive rights to market, license and sell services and merchandise bearing the word and/or design marks for (among others) Mickey Mouse, Minnie Mouse, Frozen, Princess Tiana, Princess Aurora, Princess Jasmine, Rapunzel, Ariel, Snow White, Cinderella and Walt Disney World (hereinafter referred to as the "DEI Trademarks"). DEI possesses numerous federal and state registrations for these marks in conjunction with a wide variety of goods and services including, but not limited to, live stage shows, theme park and resort services, travel-related goods, on-line services, apparel, books, newspapers, motion pictures, television entertainment and related visual works.

3

Some, but by no means all, of the federal registrations concerning the DEI Trademarks are indexed as Exhibit B.

        D.      As a result of advertising and sales, together with longstanding consumer acceptance, the DEI Trademarks identify DEI's products and authorized sales of these products and services. The DEI Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.

6.      Plaintiff, Marvel Characters Inc. (hereinafter "Marvel") is an affiliate of DEI, duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

        A.      Marvel and certain of its affiliated companies are engaged in a variety of businesses, including, without limitation, the production, distribution, and/or licensing of comic books, motion pictures, and merchandise, including toys and games, featuring the well-known characters Spider-Man, Iron Man, Captain America, The Incredible Hulk, Thor, Loki, Green Goblin, and others (hereinafter individually and collectively referred to as the "Marvel Characters").

        B.      Each of the Marvel Characters is covered by one or more copyright registrations with the U.S. Copyright Office (hereinafter collectively referred to as the "Marvel Copyrighted Properties"). A representative collection of registrations concerning the Marvel Copyrighted Properties is indexed as Exhibit A.

        C.      Marvel owns all rights, title and interest in and to, and holds the exclusive rights to market, license and sell services and merchandise bearing the word and/or design marks for, among others, Avengers, Spider-Man, Iron Man, Captain America, Hulk, and Thor, (hereinafter referred to as the "Marvel Trademarks"). Marvel possesses numerous federal

registrations for these marks in conjunction with a wide variety of goods and services including, but not limited to, feature films, television shows, apparel, books, and related visual works. Some, but by no means all, of the federal registrations concerning the Marvel Trademarks are indexed as Exhibit B.

       D.    As a result of advertising and sales, together with longstanding consumer acceptance, the Marvel Trademarks identify Marvel's products and authorized sales of these products and services. The Marvel Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.

7.    Plaintiffs, Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC (hereinafter collectively "Lucasfilm"), are affiliates of DEI and are limited liability companies duly organized and existing under the laws of the State of California, having their principal place of business in Burbank, California.

       A.    Lucasfilm is among the most celebrated film and entertainment companies in the world, producing some of the most famous motion pictures ever created.

       B.    Lucasfilm is the producer of the epic Star Wars film series, the creation of writer-producer-director George Lucas. Since the first Star Wars film premiered in 1977, the Star Wars saga has been a world-wide cultural phenomenon. The original Star Wars film broke all box office records and generated a series of seven feature films (collectively, the "Star Wars Motion Pictures"), each of which is among the highest grossing motion pictures in United States box office history.

       C.    The immense popularity of the Star Wars Motion Pictures created a worldwide market for Star Wars licensed products and services. Lucasfilm and its affiliated companies oversee the manufacture, licensing, promotion, and sales of the consumer products

business for Star Wars.  Licensing of products related to the Star Wars Motion Pictures generates substantial revenue for the Lucasfilm Plaintiffs.

        D.     A significant source of revenue for Lucasfilm is the merchandising and licensing of distinctive elements bearing character and technological artwork related to the Star Wars Motion Pictures, including, but not limited to, Darth Vader, Luke Skywalker, Princess Leia, Hans Solo, Chewbacca, Obi-Wan Kenobi, Yoda, Storm Troopers, Darth Maul, and Mace Windu (hereinafter individually and collectively referred to as the "Lucasfilm Characters").

        E.     The revenue from products using the Lucasfilm Characters is substantial.  The appearance and other features of the Lucasfilm Characters are inherently distinctive and serve to identify Lucasfilm as the source of products bearing the Lucasfilm Characters.  The design, configuration and distinctive features of the Lucasfilm Characters and other Lucasfilm copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as the "Lucasfilm Copyrighted Properties") are wholly original with Lucasfilm and, as fixed in various tangible media including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §101, *et seq.*  Lucasfilm is the owner of the Lucasfilm Copyrighted Properties and, as featured on and in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §101, *et seq.*

        F.     Lucasfilm has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to the Lucasfilm Copyrighted Properties, and Lucasfilm owns one or more certificates of registration for works in which each of Lucasfilm's Copyrighted Properties appear.  A representative list of copyright registrations for Lucasfilm Copyrighted Properties is indexed as Exhibit A.  The Lucasfilm

Copyrighted Properties manufactured, sold, and distributed by Lucasfilm or under its authority have been manufactured, sold, and distributed in conformity with the provisions of the copyright laws.  Lucasfilm and those acting under its authority have complied with their obligations under the copyright laws.  Lucasfilm is authorized to enforce all right, title, and interest in and to the copyrights in each of the Lucasfilm Copyrighted Properties.

G.     Lucasfilm also owns all right, title, and interest in and to and holds exclusive rights to develop, manufacture, market, license and sell products bearing the trademarks, trade names, service marks, artwork, characters, and other distinctive elements for and incorporating the Lucasfilm Characters.

H.     Lucasfilm owns numerous U.S. trademark registrations, including, but not limited to, the "Star Wars" word mark, registration number 2,598,203, and word and/or design marks for Darth Vader, Princess Leia, and Storm Troopers (collectively the "Lucasfilm Trademarks"). A representative list of the Lucasfilm Trademarks is indexed as Exhibit B.

I.     Lucasfilm is the owner of world famous registered marks, which serve to distinguish Lucasfilm products.

J.     The Lucasfilm Trademarks have been in continuous use in interstate and international commerce by the Lucasfilm Plaintiffs and their licensees in connection with the sale of products related to the Star Wars Motion Pictures since at least as early as the premiere of the first Star Wars film in 1977.  Each year, the Lucasfilm Plaintiffs spend substantial amounts to develop and maintain the considerable good will they enjoy in their trademarks and in their reputation for high quality.

K.     As a result of the phenomenal success of the Star Wars Motion Pictures, together with over three decades of extensive marketing and promotion in and on Star Wars

3636900-1

related advertising, packaging and products, the Lucasfilm Trademarks are famous, have acquired secondary meaning in connection with the sale of Star Wars related products, and are strongly associated with Lucasfilm in the minds of the general public.

8.     The Plaintiff's copyrighted properties previously referred to as the DEI Copyrighted Properties, the Marvel Copyrighted Properties, and the Lucasfilm Copyrighted Properties will hereinafter be referred to as the "Plaintiffs' Copyrighted Works". Plaintiffs' trademarks previously referred to as the DEI Trademarks, the Marvel Trademarks, and the Lucasfilm Trademarks will hereinafter be referred to as the "Plaintiffs' Registered Trademarks". Plaintiffs' Copyrighted Works and Plaintiffs' Registered Trademarks will collectively be referred to as "Plaintiffs' Copyrighted Works and Registered Trademarks".

<div align="center">Defendants</div>

9.     Defendant, Avi Lieberman ("Lieberman") is, upon information and belief, an individual who resides at 247 W. 87th Street, Apt. 18F, New York, NY 10024 and who does business under an unincorporated fictitious entity named Characters for Hire, LLC, located at 1440 Broadway, 23rd Floor, New York, NY 10018 and through the website www.charactersforhire.com, which operates in this judicial district.

10.    Defendant, Nick Sarelli ("Sarelli") is, upon information and belief, an individual who resides at 76 Treno Street, New Rochelle, NY 10801-2733, and who does business under an unincorporated fictitious entity named Characters for Hire, LLC, located at 1440 Broadway, 23rd Floor, New York, NY 10018 and through the website www.charactersforhire.com, which operates in this judicial district.. Lieberman and Sarelli, are hereinafter collectively referred to as "Defendants" or "CFH".

INFRINGING CONDUCT

11.     CFH is in the business of advertising, marketing, promoting, producing, offering for sale and selling themed character entertainment party services that depict Plaintiffs' Copyrighted Works and Registered Trademarks (hereinafter referred to as the "Unauthorized Theme Party Services").

12.     CFH sells, markets, advertises, offer for sale its Unauthorized Theme Party Services through an unregistered fictitious entity by the name of Characters for Hire, LLC. Characters for Hire, LLC is not registered with the New York Department of State Division of Corporations, there is no publically listed fictitious name registration for this name connected with CFH, and there no record of any business license filed in the names of Leiberman or Sarelli in connection with Characters for Hire, LLC.

13.     The Unauthorized Theme Party Services include providing costumed characters and live performances, depicting or incorporating Plaintiffs' Copyrighted Works and Registered Trademarks, at children's parties, corporate events, public events and other for profit venues.

14.     CFH advertises, markets, promotes, offers for sale and sells the Unauthorized Theme Party Services via its website, www.charactersforhire.com, (See Exhibit C for screen shots from this website); through Yelp advertisements at http://www.yelp.com/biz/characters-for-hire-llc-new-york-2 (See Exhibit D); via Instagram, viewable at http://pikore.com/charactersforhire (See Exhibit E); through extensive posting of videos of such performances on YouTube (See Exhibit F for hyperlinks of such performances), and through postings on Facebook at https://facebook.com/charactersforhire (See Exhibit G).

15.     Plaintiffs have never licensed or authorized CFH to provide the Unauthorized Theme Party Services utilizing Plaintiffs' Copyrighted Works and Registered Trademarks.

9

16.     On November 24, 2015, Plaintiffs sent a letter to CFH informing CFH that it was infringing upon Plaintiffs' Copyrighted Works and Registered Trademarks by overnight mail and via email.  A copy of this letter is attached as Exhibit H. CFH never responded to this letter.

17.     On December 9, 2015, Plaintiffs sent a second letter to CFH renewing their demands that CFH immediately cease and desist in the further infringement of Plaintiffs' Copyrighted Works and Registered Trademarks. The letter was sent via overnight mail and email. A copy of this letter is attached as Exhibit I.

18.     On December 10, 2015, Lieberman responded by email (from characters@usa.com) to the Plaintiffs' two demand letters stating that he would remove all infringing images from his website and that it was not his intention to violate the Plaintiffs' intellectual property (See Exhibit J).

19.     Plaintiffs' responded to Lieberman's email and sent all future correspondence referenced in this complaint to the email address provided by Lieberman.

20.     Notwithstanding Lieberman's response, CFH continued to market, advertise, distribute and offer for sale Unauthorized Theme Party Services. Additionally, while some infringing images were removed from the www.charactersforhire.com website after Lieberman's December 10, 2015 email, many remained. Further, other infringing advertisements for CFH's Unauthorized Theme Party Services continued to be distributed and shown through Yelp advertisements at http://www.yelp.com/biz/characters-for-hire-llc-new-york-2 (See Exhibit D); via Instagram, viewable at http://pikore.com/charactersforhire (See Exhibit E); and through extensive posting of videos of such performances on YouTube (See Exhibit F for hyperlinks to such performances), and through postings on Facebook at https://facebook.com/charactersforhire (See Exhibit G).

21.     On January 28, 2016, Plaintiffs sent a third letter to CFH via overnight mail and email, again demanding that CFH cease its continued sale, marketing and advertising of Unauthorized Theme Party Services. Attached to the third letter were two indices detailing the infringing advertisements and marketing materials that CFH continued to utilize in its offer for sale and marketing of the Unauthorized Theme Party Services (See Exhibit K). CFH never responded to this letter.

22.     CFH continues to advertise, market, promote, produce, offer for sale and sell the Unauthorized Theme Party Services through the Characters for Hire business and via its website, www.charactersforhire.com.

23.     As result of Plaintiffs' letters to CFH, both Lieberman and Sarelli have been placed on actual and constructive notice concerning their Unauthorized Theme Party Services, and the associated advertising and marketing materials which violate the Plaintiffs' Copyrighted Works and Registered Trademarks.

COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 et seq.)

24.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 23 above as if fully set forth herein.

25.     CFH is advertising, marketing, promoting, producing, offering for sale and selling Unauthorized Theme Party Services that incorporate unauthorized reproductions and/or copies of the Plaintiffs' Copyrighted Works, including, but not limited to, Mickey Mouse, Minnie Mouse, Olaf, Elsa, Anna, Snow White, Ariel, Jasmine, Aladdin, Cinderella, Belle, Aurora, Mulan, Pocahontas, Rapunzel, Tiana, Spider-Man, Iron Man, Captain America, The Incredible Hulk, Thor, Loki, Green Goblin, Darth Vader, Luke Skywalker, Princess Leia, Hans Solo, Chewbacca, Obi-Wan Kenobi, Yoda, Storm Troopers, Darth Maul, and Mace Windu. Photographs of

3636900-1

advertisements and marketing materials for the Unauthorized Theme Party Services are attached to this Complaint as Exhibits C through G.

26.     Plaintiffs own all right, title, and interest in the Plaintiffs' Copyrighted Works and Plaintiffs have complied in all respects with the provisions of the Copyright Act of 1976, and hold valid copyright registrations in the aforesaid Plaintiffs' Copyrighted Works indexed as Exhibit A.

27.     Defendants had access to the characters protected by the Plaintiffs' Copyrighted Works prior to Defendants' advertisement, marketing, promotion, production, offer for sale and/or sale of the Unauthorized Theme Party Services.

28.     Without the consent of Plaintiffs, with access to the Plaintiffs' Copyrighted Works, and in complete willful and wanton disregard of Plaintiffs' rights, CFH has intentionally infringed and continues to infringe Plaintiffs' above-mentioned copyrights by continuing to advertise, market, promote, produce, offer for sale and/or sell the Unauthorized Theme Party Services, which incorporate the Plaintiffs' Copyrighted Works without authorization to do so.

29.     As a result, Defendants have engaged in copyright infringement pursuant to 17 U.S.C. §501.

30.     Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.  As such, Plaintiffs seek an injunction pursuant to 17 U.S.C. § 502, as well as damages and profits, pursuant to 17 U.S.C. § 504, their costs and attorneys' fees in prosecuting this action, pursuant to 17 U.S.C. § 505, and because Defendants' conduct was and is willful, Plaintiffs are entitled to the maximum statutory damages allowed pursuant to 17 U.S.C. § 504(c).

## COUNT II - TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING
### (15 U.S.C. §1114)

31.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 30 above as if fully set forth herein.

32.     Plaintiffs are the owners of the exclusive rights to Plaintiffs' Registered Trademarks indexed as Exhibit B. All of the trademark registrations are in full force and effect.

33.     Plaintiffs' Registered Trademarks, as they are being used by Defendants, are identical to or substantially indistinguishable from Plaintiffs' Registered Trademarks. Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

34.     Defendants' use of Plaintiffs' Registered Trademarks, without Plaintiffs' consent, constitutes trademark infringement in violation of 15 U.S. C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of Defendants' advertising, marketing, promoting, producing, offering for sale and selling the Unauthorized Theme Party Services bearing counterfeits and infringements of Plaintiffs' Registered Trademarks.

35.     Defendants' acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up by Plaintiffs, or otherwise injuring Plaintiffs.

36.     Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

COUNT III - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER
THE LANHAM ACT
(15 U.S.C. §1125)

37.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 36 above as if fully set forth herein.

38.     As a direct result of Plaintiffs' longstanding use, sales, advertising, and marketing, Plaintiffs' Copyrighted Works and Registered Trademarks have acquired a secondary and distinctive meaning among the public who have come to identify Plaintiffs' Copyrighted Works and Registered Trademarks with Plaintiffs and their affiliated companies.

39.     Defendants' use of Plaintiffs' Copyrighted Works and Registered Trademarks , without consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, connection, association, or sponsorship of the goods and services distributed, sold and offered for sale by Defendants bearing counterfeits and infringements of Plaintiffs' Copyrighted Works and Registered Trademarks .

40.     Defendants' acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up by Plaintiffs, or otherwise injuring Plaintiffs.

41.     Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

3636900-1

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand entry of a judgment against CFH as follows:

A.      Permanently enjoining and restraining CFH, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them from:

1.      Advertising, marketing, promoting, producing, offering for sale and/or selling the Unauthorized Theme Party Services;

2.      Using Plaintiffs' Copyrighted Works or Plaintiffs' Registered Trademarks in any unauthorized manner;

3.      Making any false statement or representation to suggest that CFH is affiliated with or sponsored by Plaintiffs;

4.      Engaging in any other activity constituting unfair competition with or an infringement of any of Plaintiffs' Copyrighted Works or Plaintiffs' Registered Trademarks or constituting any dilution of Plaintiffs' names, reputations, or goodwill;

5.      Effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (1) through (4);

6.      Destroying or disposing of any evidence of CFH's advertising, marketing, promoting, producing, offering for sale of selling the Unauthorized Theme Party Services or CFH's unauthorized use of Plaintiffs' Copyrighted Works and/or Plaintiffs' Registered Trademarks; and

7.      Aiding, abetting, or contributing to the advertising, marketing, promoting, producing, offering for sale and selling of the Unauthorized Theme Party Services or the

3636900-1

unauthorized use of Plaintiffs' Copyrighted Works and/or Plaintiffs' Registered Trademarks.

B.      Directing that CFH immediately cease the advertising, marketing, promoting, producing, offering for sale and/or selling of the Unauthorized Theme Party Services on each of their websites and social media pages and remove any references to the same.

C.      Directing that CFH allow Plaintiffs' counsel, or their designee, to inspect and inventory CFH's costume warehouse for purposes of identifying and segregating all infringing costumes, props, sets, marketing or advertising materials.

D.      Directing that CFH deliver for destruction any and all infringing merchandise in their possession or under their control bearing any of Plaintiffs' Copyrighted Works and/or Plaintiffs' Registered Trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, including but not limited to all costumes, sets, props, advertising copy, marketing materials, or other tangible items.

E.      Directing that CFH report to this Court within thirty (30) days after a Permanent Injunction is entered to show compliance with paragraphs A through D above.

F.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Plaintiffs authorized or are related in any way to any goods or services advertised, marketed, promoted, offered for sale and/or sold by CFH.

G.      Awarding to Plaintiffs from CFH, as a result of CFH's advertising, marketing, promoting, producing, offering for sale and selling the Unauthorized Theme Party Services, three times CFH's profits, after an accounting, or statutory damages, should Plaintiffs opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of Plaintiffs'

3636900-1

trademarks per type of good or service infringed upon by CFH, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000.00) for Plaintiffs' trademarks infringed upon per type of good or service, pursuant to 15 U.S.C. §1114 and §1117.

H.      Awarding to Plaintiffs three times Defendants' profits, after an accounting, pursuant to 15 U.S.C. §1125(a) and §1117.

I.      Awarding statutory damages, pursuant to 17 U.S.C. §504, of no less than Seven Hundred and Fifty Dollars ($750.00) nor more than Thirty Thousand Dollars ($30,000.00) per copyrighted work infringed upon by CFH, at the Court's discretion, or One Hundred and Fifty Thousand Dollars ($150,000.00) per work infringed, upon a finding that CFH's conduct was willful.

J.      Awarding to Plaintiffs their costs and reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. §1117 and 17 U.S.C. § 504.

K.      Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

L.      Awarding other such relief to Plaintiffs as this Court deems just and proper.

Dated this 30th day of March 2016.

<div style="margin-left:40%">

/s/ Martin J. Feinberg
Martin J. Feinberg
Safia A. Anand
Olshan Frome Wolosky LLP
Park Avenue Tower, 65 East 55th Street
New York, New York 10022
(212) 451-2300
*Attorneys for Plaintiffs*

</div>

3636900-1

*Seeking Admission Pro Hac Vice*
Michael W. O. Holihan
Anjali Sareen
Holihan Law
1101 North Lake Destiny Road, Suite 275
Maitland, Florida 32751
Telephone: (407) 660-8575
Fax: (407) 660-0510
michael.holihan@holihanlaw.com
anjali.sareen@holihanlaw.com
*Attorneys for Plaintiffs*

3636900-1