Louis S. Ederer
louis.ederer@apks.com
Matthew T. Salzmann
matthew.salzmann@apks..com
Tal Machnes
tal.machnes@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York  10019
Phone (212) 836-8000
Fax (212) 836-6577

Michael W.O. Holihan (admitted *pro hac vice*)
michael.holihan@holihanlaw.com
Holihan Law
1101 North Lake Destiny Road, Suite 275
Maitland, Florida  32751
Phone (407) 660-8575
Fax (407) 660-0510

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DISNEY ENTERPRISES, INC.,<br>MARVEL CHARACTERS, INC.,<br>LUCASFILM LTD. LLC, and<br>LUCASFILM ENTERTAINMENT<br>COMPANY LTD. LLC,<br><br>                              Plaintiffs,<br><br>          -against-<br><br>NICK SARELLI a/k/a Avi Lieberman, and<br>CHARACTERS FOR HIRE, LLC,<br><br>                              Defendants. | CIVIL ACTION NO.: 1:16-cv-02340-GBD<br><br>SECOND AMENDED COMPLAINT |

Plaintiffs Disney Enterprises, Inc., Marvel Characters, Inc., Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC, by their undersigned attorneys, allege on knowledge as to their own acts, and otherwise on information and belief as follows:

## INTRODUCTION

1.     Plaintiffs file this action to combat infringement of their intellectual properties. Defendants own and operate a party services business that uses Plaintiffs' copyrighted characters and other works and trademarks without authorization.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, as Plaintiffs' claims arise under the Copyright Act, 17 U.S.C. § 101 *et seq.* and the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.*

3.     Venue is proper within the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES
### Plaintiffs

4.     Plaintiff Disney Enterprises, Inc. (hereinafter "DEI") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

5.     DEI and certain of its affiliated entities engage in the business of merchandising and licensing of distinctive characters and elements associated with their motion pictures and television programs, including, but not limited to, the well-known fanciful characters Mickey Mouse, Minnie Mouse, Olaf, Elsa, Anna, Snow White, Ariel, Princess Jasmine, Aladdin, Cinderella, Belle, Princess Aurora, Mulan, Pocahontas, Rapunzel, and Princess Tiana

(hereinafter individually and collectively referred to as the "DEI Characters"), across a wide variety of goods and services.

6.      The DEI Characters are covered by one or more registrations with the U.S. Copyright Office.  A representative collection of such copyright registrations is indexed at Exhibit A.

7.      DEI owns all rights, title and interest in and to, and holds the rights to market, license and sell services and merchandise bearing the word and/or design marks associated with, among others, Mickey Mouse, Minnie Mouse, Frozen, Snow White, Ariel, Princess Jasmine, Cinderella, Princess Aurora, Rapunzel, Princess Tiana, and Walt Disney World (hereinafter collectively referred to as the "DEI Trademarks").  DEI possesses numerous federal registrations relating to the DEI Trademarks.  A representative collection of such trademark registrations is indexed at Exhibit B.

8.      As a result of widespread advertising and sales by DEI and its licensees, together with longstanding consumer recognition, the DEI Trademarks are widely recognized as source identifiers of and for authorized DEI products and services.  The DEI Trademarks are each inherently distinctive and/or have acquired secondary meaning in the minds of consumers.  All authorized merchandising and licensing of the DEI Trademarks is subject to DEI's control over the quality of the licensed goods and services.

9.      Plaintiff Marvel Characters, Inc. (hereinafter "MCI") is duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

10.     MCI and certain of its affiliated companies engage in the business of merchandising and licensing of distinctive characters and elements associated with their comic

books, television shows, and motion pictures, including, but not limited to, the well-known fanciful characters, Iron Man, Captain America, Hulk, Thor, Loki, and Green Goblin (hereinafter individually and collectively referred to as the "MCI Characters"), across a wide variety of goods and services.

11.     The MCI Characters are covered by one or more registrations with the U.S. Copyright Office.   A representative collection of such copyright registrations is indexed at Exhibit A.

12.     MCI owns all rights, title and interest in and to, and holds the rights to market, license and sell services and merchandise bearing the word and/or design marks associated with, among others, Avengers, Iron Man, Captain America, Hulk, and Thor (hereinafter collectively referred to as the "MCI Trademarks").   MCI possesses numerous federal registrations covering the MCI Trademarks.   A representative collection of such trademark registrations is indexed at Exhibit B.

13.     As a result of widespread advertising and sales by MCI and its licensees, together with longstanding consumer recognition, the MCI Trademarks are widely recognized as source identifiers of and for authorized MCI products and services.   The MCI Trademarks are each inherently distinctive and/or have acquired secondary meaning in the minds of consumers.   All authorized merchandising and licensing of the MCI Trademarks is subject to MCI's control over the quality of the licensed goods and services.

14.     Plaintiffs Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC (hereinafter collectively "Lucasfilm") are limited liability companies, each duly organized and existing under the laws of the State of California, and each having its principal place of business in San Francisco, California.

15.     Lucasfilm and certain of their affiliated entities are engaged in the business of merchandising and licensing of distinctive characters and elements associated with their motion pictures and television programs, including, without limitation, characters associated with their *Star Wars* franchise, such as Darth Vader, Luke Skywalker, Princess Leia, Han Solo, Chewbacca, Obi-Wan Kenobi, Yoda, Stormtrooper, Darth Maul, and Mace Windu (hereinafter individually and collectively referred to as the "Lucasfilm Characters"), across a wide variety of goods and services.

16.     The Lucasfilm Characters are covered by one or more registrations with the U.S. Copyright Office.   A representative collection of such copyright registrations is indexed at Exhibit A.

17.     Lucasfilm also owns all right, title, and interest in and to and holds the rights to develop, manufacture, market, license and sell products bearing the trademarks, trade names, service marks, artwork, characters, and other distinctive elements for and incorporating the Lucasfilm Characters (hereinafter collectively referred to as the "Lucasfilm Trademarks"). Lucasfilm possesses numerous federal registrations covering the Lucasfilm Trademarks.   A representative collection of such trademark registrations is indexed at Exhibit B.

18.     As a result of widespread advertising and sales by Lucasfilm and their licensees, together with longstanding consumer recognition, the Lucasfilm Trademarks are widely recognized as source-identifiers of and for authorized Lucasfilm products and services.   The Lucasfilm Trademarks are each either inherently distinctive and/or have acquired secondary meaning in the minds of consumers.   All authorized merchandising and licensing of the Lucasfilm Trademarks is subject to Lucasfilm's control over the quality of the licensed goods and services.

19.     The DEI Characters, MCI Characters, and Lucasfilm Characters are hereinafter collectively referred to as "Plaintiffs' Characters", and the DEI Trademarks, MCI Trademarks, and Lucasfilm Trademarks are hereinafter collectively referred to as "Plaintiffs' Trademarks".

## Defendants

20.     On information and belief, Defendant Characters for Hire, LLC ("CFH") is a limited liability company organized and existing under the laws of the State of Wyoming, having its principal place of business in New York, New York.

21.     On information and belief, Defendant Nick Sarelli a/k/a Avi Lieberman ("Sarelli" or "Lieberman") is an individual who resides in New Rochelle, New York, and is an owner and principal of CFH.  On further information and belief, Defendant Sarelli is the moving, active, conscious force directing CFH's wrongful acts, and is personally responsible and liable for the wrongful acts of CFH, as described herein.  CFH and Sarelli are hereinafter collectively referred to as "Defendants".

## INFRINGING CONDUCT

22.     Defendants are in the business of advertising, marketing, promoting, producing, offering for sale, and selling themed character entertainment party services, including paid character appearances at and for events such as children's parties and corporate gatherings. Defendants regularly use Plaintiffs' Characters and other copyrighted works, and Plaintiffs' Trademarks, in connection with such business.

23.     Defendants advertise, market, promote, offer for sale, and sell their themed character entertainment party services via their website www.charactersforhire.com (see Exhibit C for screen shots from this website), through Yelp advertisements at http://www.yelp.com/biz/characters-for-hire-llc-new-york-2 (see Exhibit D), via Instagram at

http://pikore.com/charactersforhire (see Exhibit E), through postings of videos of their performances on YouTube (see Exhibit F for hyperlinks of such performances), and through postings on Facebook at https://facebook.com/charactersforhire (see Exhibit G).

24.     Plaintiffs have never licensed or authorized Defendants to make any such commercial use of Plaintiffs' Characters and/or Plaintiffs' Trademarks.

25.     On or about November 24, 2015, Plaintiffs sent a "cease and desist" letter to Defendants, demanding that they promptly cease to engage in their infringing conduct.  A copy of this letter is attached as Exhibit H.

26.     On or about December 9, 2015, Plaintiffs (having received no response to their November 24, 2015 letter) sent a second "cease and desist" letter to Defendants, renewing their demands that they cease to engage in their infringing conduct.  A copy of this second letter is attached as Exhibit I.

27.     On or about December 10, 2015, Lieberman responded by email (from characters@usa.com) to Plaintiffs' November 24 and December 9, 2015 letters.  Lieberman stated that he would remove all infringing content from Defendants' website (www.charactersforhire.com) and that Defendants did not intend to violate Plaintiffs' intellectual property rights.  A copy of Lieberman's email response is attached as Exhibit J.

28.     Notwithstanding Lieberman's representation that Defendants would cease their infringing conduct, Defendants generally continued to engage in their infringing conduct.  While some infringing content was removed from the www.charactersforhire.com website following Plaintiffs' receipt of Lieberman's December 10, 2015 email, other infringing content remained on Defendants' website and elsewhere.  Further, advertisements for Defendants' business depicting Plaintiffs' Characters, Plaintiffs' Trademarks, and other intellectual property continued

to be distributed and shown through Yelp advertisements at http://www.yelp.com/biz/characters-for-hire-llc-new-york-2 (see Exhibit D), via Instagram at http://pikore.com/charactersforhire (see Exhibit E), through extensive posting of videos of such performances on YouTube (see Exhibit F for hyperlinks to such performances), and through postings on Facebook at https://facebook.com/charactersforhire (see Exhibit G).

29.     On or about January 28, 2016, Plaintiffs again wrote to Defendants, demanding that they cease their infringing conduct.  Attached to that third letter were two indices detailing the infringing advertisements and marketing materials that Defendants were continuing to use in connection with their business.  A copy of this third letter is attached as Exhibit K.  Plaintiffs have not received a response to this third letter.

30.     Up to the filing of this lawsuit, and thereafter, Defendants have continued to use Plaintiffs' Characters, Plaintiffs' Trademarks and other intellectual property in connection with their business without authorization and without being subject to Plaintiffs' strict quality control standards.

31.     Defendants' infringing conduct was and continues to be intentional and willful within the meaning of applicable law governing copyrights and trademarks.

### COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501, *et seq.*)

32.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 31 above as if fully set forth herein.

33.     Plaintiffs own all right, title, and interest in and to Plaintiffs' Characters, and Plaintiffs have complied in all respects with the provisions of the Copyright Act of 1976, and hold valid copyright registrations in those Plaintiffs' Characters indexed as Exhibit A.

34.     Defendants had access to Plaintiffs' Characters and other copyrighted works of Plaintiffs' prior to their uses alleged herein.

35.     Defendants have made unauthorized commercial uses, including, without limitation, unauthorized reproductions and/or copies, distribution, and public displays of Plaintiffs' Characters and other copyrighted works, including, but not limited to, Mickey Mouse, Minnie Mouse, Olaf, Elsa, Anna, Snow White, Ariel, Princess Jasmine, Aladdin, Cinderella, Belle, Princess Aurora, Mulan, Pocahontas, Rapunzel, Princess Tiana, Iron Man, Captain America, Hulk, Thor, Loki, Green Goblin, Darth Vader, Luke Skywalker, Princess Leia, Han Solo, Chewbacca, Obi-Wan Kenobi, Yoda, Stormtrooper, Darth Maul, and Mace Windu. Representative images of Defendants' advertisements and marketing materials making such unauthorized use of Plaintiffs' Characters are attached as Exhibits C through G.

36.     Defendants' conduct constitutes willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2).

37.     Defendants' conduct has injured Plaintiffs in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.  As such, Plaintiffs seek injunctive relief pursuant to 17 U.S.C. § 502, as well as actual damages and any additional profits of Defendants pursuant to 17 U.S.C. § 504, and their costs, including attorneys' fees, in prosecuting this action pursuant to 17 U.S.C. § 505.  Further, because Defendants' infringing conduct has been and continues to be willful, Plaintiffs, at their election, as an alternative to an award of actual damages and Defendants' profits, are entitled to recover the maximum amount of statutory damages available under 17 U.S.C. § 504(c)(2), for each infringed work.

## COUNT II - TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

38.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 37 above as if fully set forth herein.

39.     Plaintiffs are the owners of the exclusive rights to Plaintiffs' Trademarks, including the federal registrations indexed as Exhibit B.  Each of the trademark registrations relating to Plaintiffs' Trademarks is in full force and effect.

40.     Defendants have used and continue to use in commerce unauthorized reproductions, copies, and/or colorable imitations of Plaintiffs' Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of their services, which uses are likely to cause confusion, mistake and/or deception among consumers.  Defendants are therefore liable to Plaintiffs for infringement of Plaintiffs' Trademarks pursuant to 15 U.S.C. § 1114.

41.     Defendants' use of reproductions, copies, and/or colorable imitations of Plaintiffs' Trademarks, without Plaintiffs' consent or authorization, was and continues to be intentional and willful within the meaning of 15 U.S.C. § 1114 and § 1117.

42.     Defendants' conduct has injured Plaintiffs in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.  As such, Plaintiffs seek injunctive relief pursuant to 15 U.S.C. § 1116, as well as actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), and their reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a). Further, because Defendants' infringing conduct has been and continues to be willful, Plaintiffs are entitled to an enhanced damages award pursuant to 15 U.S.C. § 1117(a).

## COUNT III - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)

43.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 42

above as if fully set forth herein.

44.     As a direct result of Plaintiffs' longstanding use, sales, advertising, and marketing, Plaintiffs' Trademarks have acquired a distinctive meaning among the consuming public, who have come to identify Plaintiffs' Trademarks with Plaintiffs and their affiliated companies, and with the goods and services offered by Plaintiffs.

45.     Defendants' unauthorized use of Plaintiffs' Trademarks constitutes the use of false or misleading designations of origin, and/or the making of false or misleading representations of fact, in violation of 15 U.S.C. § 1125(a), in that, among other things, such uses are likely to cause confusion, deception, and mistake among the consuming public and trade as to the source, approval, connection, association, or sponsorship of the goods and services distributed, sold, and offered for sale by Defendants bearing infringements of Plaintiffs' Trademarks.

46.     Defendants' acts complained of herein are willful and intentional within the meaning of 15 U.S.C. § 1114 and § 1117, and have been and continue to be engaged in with the intention of trading upon the valuable goodwill associated with Plaintiffs' Trademarks, or otherwise injuring Plaintiffs.

47.     Defendants' conduct has damaged Plaintiffs in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.  As such, Plaintiffs seek injunctive relief pursuant to 15 U.S.C. § 1116, as well as actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), and their reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a).  Further, because Defendants' conduct has been and continues to be willful, Plaintiffs seek an enhanced damages award pursuant to 15 U.S.C. § 1117(a).

## COUNT IV - COMMON LAW UNFAIR COMPETITION

48.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 47 above as if fully set forth herein.

49.     Defendants' conduct as alleged above has been undertaken with the goal of benefitting and profiting from the goodwill associated with Plaintiffs' Trademarks.  Defendants have achieved this goal by virtue of their continued unauthorized use of Plaintiffs' Trademarks and other indicia associated with Plaintiffs' Characters.

50.     Defendants' use of Plaintiffs' Trademarks and other indicia associated with Plaintiffs' Characters is intended to, and, unless restrained by this Court, will continue to cause the public to believe that there is an affiliation or other association or connection between Plaintiffs and Defendants, and/or between Plaintiffs and Defendants' themed character entertainment party services, when in fact there is none.

51.     By their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

52.     Defendants' acts have irreparably injured, and, unless enjoined, will continue to irreparably injury Plaintiffs, and Plaintiffs have no adequate remedy at law.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

53.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 52 above as if fully set forth herein.

54.     Defendants' aforesaid conduct constitutes willful trademark infringement under the common law of the State of New York.

55.     By their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe Plaintiffs' Trademarks, unless restrained by this Court.

56.     By their willful acts, Defendants have made and will continue to make substantial

profits and gains to which they are not in law or in equity entitled.

57.     Defendants' acts have irreparably injured and, unless enjoined, will continue to irreparably injury Plaintiffs, and Plaintiffs have not adequate remedy at law.

### COUNT VI - TRADEMARK DILUTION (N.Y. G.B.L. § 360-l)

58.     Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 57 above as if fully set forth herein.

59.     Plaintiffs are the owners of Plaintiffs' Trademarks throughout the United States, including the State of New York.

60.     Plaintiffs' Trademarks are inherently distinctive and/or have acquired distinctiveness in the marketplace.

61.     By their acts complained of herein, Defendants have diluted the distinctive qualities of Plaintiffs' Trademarks, and have caused harm to Plaintiffs' business reputation, in violation of New York General Business Law § 360-1.

62.     By their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

63.     Defendants intend to continue their willfully infringing acts unless restrained by this Court.

64.     Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants as follows:

A.     Permanently enjoining and restraining Defendants, their agents, servants, employees, attorneys, and all those in active concert or participation with them from:

1.        Advertising, marketing, promoting, producing, offering for sale, and/or selling their goods or services using any of Plaintiffs' Characters or other copyrighted works, and/or Plaintiffs' Trademarks;

2.        Using Plaintiffs' Characters or other copyrighted works, or Plaintiffs' Trademarks, in any unauthorized manner;

3.        Making any false statements or representations to suggest that Defendants or their business are in anyway affiliated with or sponsored by any of Plaintiffs;

4.        Engaging in any other activity constituting unfair competition with, or infringement of any of Plaintiffs' Characters or other copyrighted works, or Plaintiffs' Trademarks, or constituting any dilution of Plaintiffs' Trademarks, or the goodwill associated therewith;

5.        Effecting assignments or transfers, forming new entities or associations, or using any other devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (1) through (4); and

6.        Aiding, abetting, or contributing to the advertising, marketing, promotion, production, offer for sale, and/or sale of any goods or services using Plaintiffs' Characters or other copyrighted works, and/or Plaintiffs' Trademarks.

B.        Directing that Defendants immediately cease advertising, marketing, promoting, producing, offering for sale, and/or selling any goods or services using Plaintiffs' Characters or other copyrighted works, and/or Plaintiffs' Trademarks on any of their websites, social media pages, and other promotional vehicles, and to remove any references to the same.

C.        Directing that Defendants allow Plaintiffs' counsel, or their designee, to inspect and inventory Defendants' warehouse or other business facility for the purpose of identifying

and segregating all infringing costumes, props, sets, marketing, advertising, or other materials or tangible items.

D.     Directing that Defendants deliver up for destruction any and all infringing merchandise in their possession or under their control bearing any of Plaintiffs' Characters or other copyrighted works, and/or Plaintiffs' Trademarks or any simulation, reproduction, copy, or colorable imitation thereof, including but not limited to, all costumes, sets, props, marketing, advertising, or other materials or tangible items.

E.     Directing that Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show compliance with paragraphs A through D above.

F.     Awarding such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Plaintiffs authorized, or are related in any way to any goods or services advertised, marketed, promoted, offered for sale and/or sold by Defendants.

G.     Awarding to Plaintiffs their actual damages and/or Defendants' profits, after an accounting, or at the Plaintiffs' election, statutory damages pursuant to 17 U.S.C. § 504(c) for each copyrighted work infringed.

H.     Awarding to Plaintiffs three times their actual damages and/or Defendants' profits, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117(a).

I.     Awarding to Plaintiffs their costs and reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. §§ 1117(a) and (b), and 17 U.S.C. § 505.

J.     Awarding to Plaintiffs the full amount of exemplary and punitive damages available under New York law.

K.     Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders, and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment by contempt of any violations thereof.

L.     Awarding other such relief to Plaintiffs as this Court deems just and proper.

Dated: New York, New York
       July 10, 2017

ARNOLD & PORTER KAYE SCHOLER LLP

By:     /s/ *Louis S. Ederer*
        Louis S. Ederer
        Matthew T. Salzmann
        Tal Machnes
        250 West 55th Street
        New York, New York 10019
        Telephone: (212) 836-8000
        Fax: (212) 836-6577
        louis.ederer@apks.com
        matthew.salzmann@apks.com
        tal.machnes@apks.com

        *Admitted Pro Hac Vice*
        Michael W. O. Holihan
        Holihan Law
        1101 North Lake Destiny Road, Suite 275
        Maitland, Florida 32751
        Telephone: (407) 660-8575
        Fax: (407) 660-0510
        michael.holihan@holihanlaw.com

        *Attorneys for Plaintiffs*