UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DISNEY ENTERPRISES, INC.,
MARVEL CHARACTERS, INC.,
LUCASFILM LTD. LLC, and LUCASFILM
ENTERTAINMENT COMPANY LTD. LLC,

                Plaintiffs,

    -against-

NICK SARELLI, a/k/a Avi Lieberman, and
CHARACTERS FOR HIRE, LLC,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

16 Civ. 2340 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs move this Court to reconsider in part its August 9, 2018 Memorandum Decision and Order, (the "Order," ECF No. 101), granting Defendants' motion for summary judgment and dismissing Plaintiffs' trademark-related claims,[1] as well as Plaintiff's claim for trademark dilution by blurring brought under Section 360-l of New York's General Business Law.[2] (*See* Mot. for Recons., ECF No. 103.) Plaintiffs principally argue that reconsideration is warranted because they did not have notice and an opportunity to respond to the grounds upon which this Court dismissed Plaintiffs' claims, as required by Rule 56(f)(2) of the Federal Rules of Civil Procedure.[3] (*See* Pls.'

---

[1] Plaintiffs' Second Amended Complaint asserts claims under federal and New York law for trademark infringement, false designation of origin, and unfair competition. (*See* 2d Am. Compl., ECF No. 51.) Because the same standards govern all three types of claims, this Court addressed them together and dismissed them for the same reason, namely, that there was no likelihood of consumer confusion. (*See* Order at 10–26.) For clarity and convenience purposes, these claims are referred to herein as Plaintiffs' "trademark-related claims."

[2] The relevant procedural and factual background is set forth in the Order and incorporated by reference herein.

[3] Rule 56(f)(2) pertinently provides that, "[a]fter giving notice and a reasonable time to respond, the court may . . . grant [a motion for summary judgment] on grounds not raised by a party[.]" Fed. R. Civ. P. 56(f)(2).

Mem. of Law in Supp. of Mot. for Recons. ("Mem."), ECF No. 104.) More specifically, Plaintiffs argue that "th[is] Court *sua sponte* ruled that Plaintiffs cannot prove their [trademark-related claims] because of a lack of evidence supporting likelihood of confusion—a ground that was not raised or briefed with regards to Defendants' motion." (*Id.* at 1.) Plaintiffs also argue that this Court erred in not providing them an opportunity to present arguments with respect to Plaintiffs' trademark dilution by blurring claim. (*Id.* at 7–8.) Plaintiffs assert that, had they been given such an opportunity, they would have made a number of different arguments in response. (*See id.* at 4–6, 7–8.)

Plaintiffs' motion for partial reconsideration is DENIED.

## I. LEGAL STANDARDS

A motion for reconsideration may be granted where the "'moving party can point to controlling decisions or data that the court overlooked—matters, in other words[,] that might reasonably be expected to alter the conclusion reached by the Court.'" *In re JPMorgan Chase & Co. Derivative Litig.*, No. 12 Civ. 3878 (GBD), 2014 WL 3778181, at *1 (S.D.N.Y. July 30, 2014) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* S.D.N.Y. Local Civil Rule 6.3. Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). By contrast, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citations omitted); *see also Weiss v. El Al Israel Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) (Lynch, J.) ("A motion for

2

reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## II. RECONSIDERATION IS NOT WARRANTED

In the August 9, 2018 Order, this Court granted in part Defendants' motion for summary judgment and dismissed Plaintiffs' trademark-related claims, as well as Plaintiffs' trademark dilution by blurring claim. (*See* Order at 26–29.) After weighing the relevant factors set forth in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961), this Court found that "no reasonable jury could find a likelihood of consumer confusion as to the origin, source, and/or sponsorship of Defendants' character-for-hire services," and dismissed Plaintiffs' trademark-related claims accordingly. (*See* Order at 15–26.) With respect to Plaintiffs' claim for trademark dilution by blurring, this Court similarly weighed the appropriate factors and found that "no reasonable jury could find a likelihood of dilution by blurring." (*Id.* at 27–28.)

Plaintiffs argue that this Court erred in dismissing their trademark-related claims on a ground not raised or briefed in connection with Defendants' motion for summary judgment—i.e., the lack of evidence supporting a likelihood of consumer confusion—without providing Plaintiffs notice and an opportunity to respond, as required by Rule 56(f)(2). (Mem. at 1–2.) Plaintiffs maintain that "[h]ad [they] been on notice that th[is] Court intended to look beyond the arguments and authorities Defendants advanced in their motion papers and conduct a *Polaroid* confusion analysis *sua sponte*, Plaintiffs would not have limited their opposition to evidence and legal arguments defeating Defendants' fair use defenses." (*Id.* at 7.) As noted, Plaintiffs also contend they were not provided with an opportunity to present arguments on their trademark dilution by blurring claim. (*Id.* at 7–8.) Plaintiffs' arguments lack merit.

3

On October 13, 2017, Plaintiffs and Defendants cross-moved for summary judgment. Plaintiffs sought partial summary judgment with respect to their federal claims for copyright and trademark infringement, as well as their claim for trademark dilution, while Defendants sought summary judgment dismissing all of Plaintiffs' claims. (*See* Pls.' Mot. for Summ. J., ECF No. 59, at 1; Pls.' Mem. in Supp. of Mot. for Summ. J. ("Pls.' Mem. in Supp."), ECF No. 60, at 13 n.4; Defs.' Mot. for Summ. J., ECF No. 66, at 1.) After the motions were fully briefed, this Court heard oral argument on April 19, 2018. (*See* Tr. of Oral Arg., ECF No. 99.)

As this Court previously recognized, "[t]he touchstone of a meritorious trademark infringement claim is likelihood of consumer confusion." (Order at 15 (citing *Kelly-Brown v. Winfrey*, 717 F.3d 295, 307 (2d Cir. 2013).) Accordingly, it is no surprise that, with respect to Plaintiffs' trademark-related claims, both parties advanced numerous arguments concerning the likelihood of consumer confusion caused by Defendants' provision of character-for-hire services, including arguments invoking the well-recognized *Polaroid* factors. (*See, e.g.*, Pls.' Mem. in Supp. at 13 ("Plaintiffs are entitled to summary judgment on their Lanham Act claim because . . . [Defendant] CFH's unauthorized use of [Plaintiffs'] marks is likely to cause consumer confusion as to the origin, source, and/or sponsorship of CFH's unlicensed services."); *id.* at 14–16 (arguing "the likelihood of confusion between Plaintiffs' protected characters and names, and CFH's unauthorized services, is plainly evident" and "the application of each of the *Polaroid* factors demonstrates a strong likelihood of confusion, as to which there is no issue of fact"); Defs.' Mem. in Opp'n to Pls.' Mot. for Summ. J. ("Defs.' Opp'n"), ECF No. 85, at 14) ("[A]n overall weighing of the *Polaroid* factors[] . . . reflects that there is no likelihood of confusion emanating from CFH's services."); *id.* at 13–14 (addressing the likelihood of consumer confusion under the various *Polaroid* factors); *see also* Tr. of Oral Arg. at 37:13–15 ("[Plaintiffs' counsel]: There is . . .

4

powerful evidence to support a claim of likelihood of consumer confusion."); *id.* at 41:10–12 ("[Plaintiffs' counsel]: . . . I think all you have to do at this point is look at the undisputed evidence and weigh the Polaroid factors."); *id.* at 42:11–12 ("[Plaintiffs' counsel]: . . . [E]very one of the Polaroid factors fall[] in our client's favor.").)

Plaintiffs can hardly argue they did not have notice and a reasonable opportunity to be heard on these issues. To the contrary, the extensive discussion of the *Polaroid* factors in the briefs filed in support of and opposition to the parties' respective motions, as well as during oral argument, readily demonstrate that Plaintiffs had both.[4]

The same is true with respect to Plaintiffs' claim for trademark dilution by blurring. (*See* Pls.' Mem. in Supp. at 17–18 (arguing that Plaintiffs met the relevant factors for demonstrating trademark dilution by blurring); Defs.' Opp'n at 15 ("[W]ith respect to the claim of dilution by 'blurring,' Plaintiffs again fail to provide any evidence that any such blurring occurs from CFH's use of character names to identify those very characters that are being provided."); Pls.' Reply, ECF No. 87, at 9 (arguing that Defendant CFH is liable for trademark dilution by blurring).) Plaintiffs were placed on notice that Defendants were moving for summary judgment "on each of Plaintiffs' claims asserted in the Second Amended Complaint," (Defs.' Mot. at 1), and clearly took advantage of the opportunity to address their dilution-by-blurring claim in their own briefs.

\*    \*    \*

Plaintiffs object to parts of this Court's analysis and now seek to advance additional arguments and cite new case law in a belated attempt to defeat Defendants' motion for summary

---

[4] Plaintiffs argue that reconsideration is warranted because their motion for summary judgment was limited to only a subset of the trademarks identified in the Second Amended Complaint. (*See* Mem. at 2.) However, Defendants' motion for summary judgment, of which Plaintiffs had notice and an opportunity to respond, sought dismissal of *all* of Plaintiffs' claims, in their *entirety*. Moreover, Plaintiffs provide no basis in law or logic to believe that the remainder of their trademarks would not fail for the same reasons set forth in the Order.

5

judgment. However, as noted, a motion for reconsideration is not an appropriate mechanism "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks and citations omitted). Because Plaintiffs had ample notice and opportunity to be heard on the issues raised and addressed in this Court's August 9, 2018 Order, their motion for partial reconsideration is DENIED.

### III. CONCLUSION

Plaintiffs' motion for partial reconsideration, (ECF No. 103), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
       September 26, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge